IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 23-cv-00919-GPG-SBP

DAVID LEEVAN and YEKATERINA LEEVAN,

    Plaintiffs,

v.

AMERICAN STRATEGIC INSURANCE CORPORATION,

    Defendant.

## ORDER

Before the Court is Plaintiffs' Motion for Partial Stay of July 16, 2024 Order Pending Resolution of Objection and Request for Expedited Briefing Schedule (D. 72). Pursuant to D.C.COLO.LCivR 7.1(d) this Court exercises its prerogative to rule on this opposed motion without benefit of a responsive pleading. The Court DENIES the motion for the following reasons.

### I. Expedited Briefing

U.S. Magistrate Judge Prose entered an Order on Motion to Compel (D. 67) on July 16, 2024. Plaintiffs, despite the claimed urgency of the issue, waited a full fourteen days to object, filing their objection at 4:45 p.m. on July 30, 2024. Plaintiffs now request that Defendant's response period be shortened. The Court DENIES this request. Defendant will be afforded a full fourteen days to respond—the time Plaintiffs felt appropriate to formulate their objection. Plaintiffs further raise the issue of a filing deadline for a reply brief. Pursuant to Uniform Civil Practice Standard Section IX. Special Proceedings, this Court does not permit a reply in support

1

of an objection without leave of the Court and good cause shown. At this juncture, this Court does not find good cause for a reply.

## II. Stay

Plaintiffs also request a stay of the ordered inspection on the basis that: (1) this is a developing area of the law with no Tenth Circuit precedent; (2) Plaintiffs should not be required to "open their home for the inspection" until the objection is resolved; and (3) essentially there would be no harm to a delay (D. 72 at 2).

A stay, rather than being a matter of right, is instead an exercise of judicial discretion. The party requesting a stay has the burden of showing that the circumstances justify an exercise of that discretion. *See Virginian Ry. Co. v. United* States, 272 U.S. 658, 672-73 (1926). The four-factor tests courts apply in determining whether to grant a stay includes consideration of: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

The Court disagrees with Plaintiffs' application of the test and finds that all four factors favor Defendant. First, the Court finds that Plaintiffs do not present a strong likelihood of success on the merits. Upon initial review, subject to further research, it does not appear that Judge Prose's order on this non-dispositive matter was clearly erroneous or contrary to law. Second, the Court does not find that Plaintiffs would be irreparably harmed. Plaintiffs argue that the inspection would present an "unlimited intrusion" into their home (D. 71 at 10) and that an inspection implicates "their right to privacy in their home" (D. 72 at 2). While I note that Plaintiffs slightly referred to

this same issue in their response brief stating "Plaintiffs have a right to know who will be entering their home" (D. 52 at 11), Plaintiffs do not even challenge Judge Prose's factual finding that "the Leevans do not currently occupy the house and therefore would suffer no intrusion by the inspection process" and "the Leevans [believe] that they cannot occupy the home—presumably because of soot and char in the wall cavities" (D. 67 at 23).  The Court does not find that a non-destructive inspection of an unoccupied home would result in irreparable harm.[1]  As to the basic argument Plaintiffs assert that, once the inspection occurs it cannot be undone, the Court does not find this availing.  Should the Court later sustain the objection after full briefing and consideration, the Court can enter an Order excluding anything garnered during the inspection from further use in this action.  Third, there would be injury to Defendant—albeit perhaps not substantial.  Defendant, like Plaintiffs, has an interest in moving this action forward without undue delay.  This Court's initial impression is that the continued objection to the requested inspection is an unnecessary delaying tactic which is unlikely to resolve in Plaintiffs' favor.  Fourth and finally, the public interest lies in preventing further delay of this action in the generalized sense that prompt resolution of actions is in the public good. Fed. R. Civ. P. 1.

Accordingly, Plaintiffs' motion is DENIED.

DATED July 31, 2024.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

---

[1] Upon initial review, the Court is not convinced that the notice of inspection is so broad or non-specific that it needs to be trimmed or further explained prior to inspection.